IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH WALTSON and DANIEL WALTSON and KENNETH WALTSON<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. t/a, d/b/a THE HOME DEPOT | CIVIL ACTION<br><br>NO. 09-CV-3395 |

FILED
JUN 30 2010
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## VERDICT SHEET

Based upon the evidence presented at this trial, the questions for you, the jury, to decide in accordance with the law as I have explained are as follows:

## PART A - Negligence

1. Was the Defendant, Home Depot U.S.A., Inc., negligent?

   Yes ✓     No ____

2. Was the Defendant's negligence a factual cause of any harm to the following individuals?

   a. Ruth Waltson:     Yes ✓     No ____

   **[If "No," do not answer Question Nos. 3, 4, or 9]**

   b. Daniel Waltson:   Yes ✓     No ____

   **[If "No," do not answer Question Nos. 5, 6, or 10]**

   c. Kenneth Waltson:  Yes ✓     No ____

   **[If "No," do not answer Question Nos. 7, 8, or 11]**

3. Was the Plaintiff, Ruth Waltson, negligent?

Yes_____   No__✓__

4. Was the negligence of Plaintiff, Ruth Waltson, a factual cause of any of the harm she allegedly suffered as a result of the accident?

Yes_____   No__✓__

5. Was the Plaintiff, Daniel Waltson, negligent?

Yes__✓__   No_____

6. Was the negligence of Plaintiff, Daniel Waltson, a factual cause of any of the harm he allegedly suffered as a result of the accident?

Yes__✓__   No_____

7. Was the Plaintiff, Kenneth Waltson, negligent?

Yes_____   No__✓__

8. Was the negligence of Plaintiff, Kenneth Waltson, a factual cause of any of the harm he allegedly suffered as a result of the accident?

Yes_____   No__✓__

## PART B - Apportionment of Negligence

[After answering the preceding questions in accordance with the instructions given in the charge, you are required to evaluate the conduct of the parties to determine the degree of liability attributable to each of them, if any, in causing the accident and injuries complained of, which degree of liability is to be expressed in terms of a percentage figure which must total 100%.]

9. If you have answered Questions 2a and 4 "Yes," you are to determine what percentage of the total negligence you attribute to the Defendant and to the Plaintiff, Ruth Waltson, and set forth your conclusion below.

2

(a) Defendant, Home Depot          _____%

(b) Plaintiff, Ruth Waltson         _____%

           Total:     100 %

If you have attributed a percentage of negligence to the Plaintiff, Ruth Waltson, in excess of fifty (50%) percent, then she cannot recover under a theory of negligence. Please proceed to the next question.

10. If you have answered Questions 2b and 6 "Yes," you are to determine what percentage of the total negligence you attribute to the Defendant and to the Plaintiff, Daniel Waltson, and set forth your conclusion below.

(a) Defendant, Home Depot          __80__%

(b) Plaintiff, Daniel Waltson       __20__%

           Total:     100 %

If you have attributed a percentage of negligence to the Plaintiff, Daniel Waltson, in excess of fifty (50%) percent, then he cannot recover under a theory of negligence. Please proceed to the next question

11. If you have answered Questions 2c and 8 "Yes," you are to determine what percentage of the total negligence you attribute to the Defendant and to the Plaintiff, Kenneth Waltson, and set forth your conclusion below.

(a) Defendant, Home Depot          _____%

(b) Plaintiff, Kenneth Waltson      _____%

           Total:     100 %

If you have attributed a percentage of negligence to the Plaintiff, Kenneth Waltson, in excess of fifty (50%) percent, then he cannot recover under a theory of negligence. Please proceed to the next question.

## PART C - Strict Liability

**[You must answer Question No. 12]**

12. Was the product that Defendant, Home Depot U.S.A., Inc., sold to the Plaintiffs defective for not containing a warning label?

Yes ✓   No ___

**[If your answer to Question No. 12 is "Yes," proceed to Question No. 13. If the answer to Question No. 12 is "No," please proceed to Question No. 14.]**

13. If you find that the product was defective, was the defective product a factual cause of any harm to the following individuals?

   a. Ruth Waltson:      Yes ✓    No ___
   b. Daniel Waltson:    Yes ✓    No ___
   c. Kenneth Waltson:   Yes ___  No ✓

## PART D - Compensatory Damages

If you find that Defendant is liable to any of the Plaintiffs under *either* a theory of negligence *or* strict liability *or* both, (that is, if you answered yes at least once in *either* Question No. 2 or Question No. 13) then you must determine what damages, if any, Plaintiffs are entitled to receive.

**[Answer Question 14 if you answered "Yes" to *either* Question 2a or Question 13a]**

14. State the amount of damages, if any, sustained by the Plaintiff, Ruth Waltson, as a result of the accident, without regard to, and without reduction by, the percentage of causal negligence, if any, that you have attributed to her.

   1. Past medical expenses     $ 3,029.75
   2. Future medical expenses   $ 0
   3. Intangible losses         $ 3,000
      (include past/future pain and suffering, past/future embarrassment and humiliation; disfigurement; and loss of enjoyment of life)

           Total:              $ 6,029.75

4

**[Answer Question 15 if you answered "Yes" to *either* Question 2b or Question 13b]**

15. State the amount of damages, if any, sustained by the Plaintiff, Daniel Waltson, as a result of the accident, without regard to, and without reduction by, the percentage of causal negligence, if any, that you have attributed to him.

    1. Past medical expenses    $ 4,924.50

    2. Future medical expenses    $ 0

    3. Intangible losses    $ 0
(include past/future pain and suffering, past/future embarrassment and humiliation; disfigurement; and loss of enjoyment of life)

    Total:    $ 4,924.50

**[Answer Question 16 if you answered "Yes" to *either* Question 2c or Question 13c]**

16. State the amount of damages, if any, sustained by the Plaintiff, Kenneth Waltson, as a result of the accident, without regard to, and without reduction by, the percentage of causal negligence, if any, that you have attributed to him.

    1. Past medical expenses    $ 1,847.00

    2. Future medical expenses    $ 0

    3. Intangible losses    $ 0
(include past/future pain and suffering, past/future embarrassment and humiliation; disfigurement; and loss of enjoyment of life)

    Total:    $ 1,847.00

## PART E - PUNITIVE DAMAGES

16. Do you find that the conduct of the Defendant, Home Depot U.S.A., Inc., was done with reckless indifference to the safety of the Plaintiffs?

    Yes ✓    No ___

If your answer to Question No. 16 is "yes," please proceed to Question No. 17. If your answer to Question No. 16 is "no," your deliberations are complete and you should inform the Court that you have reached a verdict.

17.   What amount of punitive damages, if any, do you wish to award?

$ 75,000

Date: 6/30/10

_Brigid M[...]_
FOREPERSON