# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH WALTSON, et al. | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HOME DEPOT U.S.A., INC. | : | |
| t/a, d/b/a THE HOME DEPOT, | : | No. 09-3395 |
|     Defendant. | : | |

## MEMORANDUM

Schiller, J.                                                                                                                        August 3, 2010

After a trial in the above-captioned case, the jury awarded the three plaintiffs, collectively, $12,801.25 in compensatory damages and $75,000 in punitive damages. In the instant motion, Defendant asks for judgment as a matter of law with respect to punitive damages, or alternatively, remittitur of the punitive damages award. For the reasons that follow, the Court will deny Defendant's motion in its entirety.

## I.     BACKGROUND

On August 12, 2007, Ruth Waltson began a cleaning project at her home in Coatesville, Pennsylvania. She had hired two men to help clean mold and mildew off the walls of her basement. She prepared a cleaning solution for the workers to use by mixing a bottle of TSP cleaning product with bleach. Instructions on the bottle of TSP noted that it could be mixed with bleach for use as a cleaner. The workers used the mixture to clean the basement and then took a lunch break.

Noticing that the cleaning mixture was nearly exhausted, Ruth asked her son Daniel Waltson to go to Home Depot and buy more TSP cleaning product. Daniel took the empty TSP bottle with

him to a Home Depot store in Parkesburg, Pennsylvania. He showed the bottle to Lawrence Moulder, a Home Depot employee working in the store's paint department, and told Moulder that he wanted to purchase another bottle. Moulder retrieved a bottle from the bay in which the TSP cleaner was normally stored. It was the last bottle in the bay. It contained no label or warning of any kind. The only thing written on the bottle was a product identification number. Daniel Waltson testified at trial that he asked Moulder whether the unlabeled bottle contained the same product that he had come to Home Depot to purchase, and that Moulder said yes. Daniel purchased the unlabeled bottle and brought it home to his mother, telling her that it was the same product she had asked him to procure from Home Depot.

Ruth Waltson then mixed the newly purchased product with bleach. Shortly after she created the mixture, the concoction began emitting a noxious plume of vapors. Ruth, Daniel, and Kenneth Waltson (another of Ruth's sons who was in the house that day) all testified at trial that they came in contact with the vapors and that it caused them to experience respiratory problems.

The Waltsons contacted local authorities. A hazardous materials team arrived at the Waltson home. Testing later uncovered that the product sold to Daniel Waltson was not TSP, but was phosphoric acid, a chemical that is extremely hazardous to humans and potentially lethal when mixed with bleach.

On or about June 8, 2009, Plaintiffs initiated a lawsuit against Defendant in the Philadelphia Court of Common Pleas. Their Complaint, filed on or about July 22, 2009, asserted theories of negligence and strict liability based on Defendant's sale of the phosphoric acid to Daniel Waltson. The Complaint requested both compensatory and punitive damages. On July 28, 2009, the case was removed to this Court, which has jurisdiction pursuant to 28 U.S.C. § 1332.

On August 4, 2009, Defendant moved to strike Plaintiffs' claim for punitive damages, which the Court denied without prejudice to raise again after discovery. The parties conducted discovery and a jury trial was scheduled for June 28, 2010. On June 14, 2010, Defendant filed a motion in limine to preclude an instruction to the jury at trial regarding punitive damages. The Court denied Defendant's motion in limine and at trial instructed the jury on the standard for imposing punitive damages. Specifically, the Court informed the jury that a finding of negligence alone is insufficient to support an award of punitive damages but that punitive damages may be awarded if Defendant's conduct amounted to reckless indifference. The jury found Defendant liable to each of the Plaintiffs under a negligence theory and liable to Ruth and Daniel Waltson under a theory of strict liability.[1] The jury awarded compensatory damages to Ruth in the amount of $6,029.75, to Daniel in the amount of $4,924.50, and to Kenneth in the amount of $1,847.00, for a total compensatory award of $12,801.25. In addition, the jury awarded the Plaintiffs collectively $75,000 in punitive damages.

On July 12, 2010, Defendant filed the instant motion, asking the court either to (1) find as a matter of law that there was insufficient evidence for a reasonable jury to assess punitive damages against it (*see* Federal Rule of Civil Procedure 50), or (2) reduce the amount of the punitive damages award pursuant to Federal Rule of Civil Procedure 59.

---

[1] The jury also found Daniel Waltson comparatively negligent and determined that, with respect to his claim, 20% of the causal negligence was attributable to him and 80% of the causal negligence was attributable to Home Depot. However, this finding of comparative negligence does not affect the amount of compensatory damages to which Daniel is entitled because he also prevailed on his strict liability claim, which is not subject to reduction on the basis of comparative negligence. *See Staymates v. ITT Holub Indus.*, 527 A.2d 140, 145 (Pa. Super. Ct. 1987).

## II. STANDARD OF REVIEW

Judgment as a matter of law under Federal Rule of Civil Procedure 50 is appropriate only where, "viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury could reasonably find liability." *Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 568 (3d Cir. 2002) (citing *Warren v. Reading Sch. Dist.*, 278 F.3d 163, 168 (3d Cir. 2002)).

With respect to a motion requesting remittitur under FED. R. CIV. P. 59, "[i]f a jury's punitive damages award is free of irrationality, passion, and prejudice, and falls within the 'broad discretion in authorizing and limiting permissible punitive damages awards' lodged with state legislatures, a trial judge should not substitute his or her view of the appropriate amount of punitive damages for the jury's determination." *Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co.*, 399 F.3d 224, 231 (3d Cir. 2005) (quoting *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 433 (2001) and citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003)).

## III. DISCUSSION

Sufficient evidence was presented at trial to support the jury's punitive damages verdict. Evidence was presented that Defendant sold Daniel Waltson a bottle of chemicals without any warning whatsoever and that these chemicals, if mixed with bleach, could be deadly. *Cf. Hoffman v. Sterling Drug, Inc.*, 485 F.2d 132, 146 (3d Cir. 1973) (holding that punitive damages issue should have been presented to jury to determine "whether the warnings issued by defendants were so inadequate as to constitute a reckless disregard of the danger to the public"). Daniel Waltson testified that he asked a Home Depot employee if the product he was purchasing could be used in

the same way as TSP—i.e. if it could be mixed with bleach—and that the employee responded affirmatively. Furthermore, evidence was presented that, before the accident, Defendant had no policy and gave no training to their employees regarding selling an unlabeled bottle of chemicals. This evidence was not vaporous, but was adequate for a jury to determine that Defendant acted with reckless indifference to Plaintiffs' safety. *See Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 771 (Pa. 2005) (defining "reckless indifference" as a circumstance in which a person knows, or has reason to know, of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or fails to act, in conscious disregard of, or indifference to, that risk). A jury could reasonably conclude from the evidence presented at trial that Defendant knew or had reason to know that selling a bottle of chemicals without any warning as to its appropriate use or dangers created a high degree of risk of physical harm to people who came into contact with those chemicals. Therefore, the Court finds that Defendant is not entitled to judgment as a matter of law with respect to punitive damages.

Alternatively, Defendants seek remittitur of the punitive damages award, arguing that it is grossly excessive and thereby constitutes an arbitrary deprivation of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The roughly 6:1 ratio of punitive damages to compensatory damages does not necessarily suggest an excessive punitive damages award. *See CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 499 F.3d 184 (3d Cir. 2007) (ordering remittitur of punitive damages down to a 7:1 ratio). Even if the ratio of punitive damages to compensatory damages was enough to raise concern, the Supreme Court has explicitly noted that higher ratios may be countenanced if "a particularly egregious act has resulted in only a small amount of economic

damages." *Campbell*, 538 U.S. at 425. In this case, the compensatory damages were relatively modest, and therefore a larger punitive damages award was within the jury's discretion to award. Furthermore, this is a case in which it was reasonable for the jury to find that, though actual compensatory damages were slight, there was a strong potential for substantial harm. The jury could properly consider that potential harm and craft a punitive damage award with an eye towards deterring Defendant and others from engaging in the kind of conduct that led to this accident. *See id.* at 418 (noting that courts reviewing punitive damages are to consider, *inter alia*, "the disparity between the actual or *potential* harm suffered by the plaintiff and the punitive damages award" (emphasis added)); *Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co.*, Civ. A. No. 00-5481, 2003 WL 21321370, at *3 n.3 (E.D. Pa. May 30, 2003).

## IV. CONCLUSION

For the reasons stated above, the Court denies Defendant's motion and leaves the jury's punitive damage verdict undisturbed. An appropriate Order will be docketed separately.